# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **CRIMINAL NO. 17-0280-CG-N** |
| | ) | |
| **MELVIN TENSLEY** | ) | |
| | ) | |

## <u>ORDER</u>

This matter is before the Court on the Defendant's motion to suppress evidence (Doc. 10), and the Government's opposition thereto (Doc. 13).  An evidentiary hearing was held on the motion on February 15, 2018. At the hearing, the parties were ordered to file supplemental briefs on the issues and those briefs (Docs. 19 & 21) are also before the Court for consideration. For the reasons explained below, the Court finds that the motion to suppress should be denied.

Defendant moved to suppress evidence seized from his residence because he claims the search and seizure violated the Fourth Amendment of the Constitution. Defendant contends that the affidavit submitted in support of the application for the search warrant was insufficient to establish probable cause. Defendant further argues that the search warrant was based on an affidavit so lacking in indicia of probable cause as to objectively render a reasonably well-trained officer's belief in its existence entirely unreasonable.

The affidavit offered in support of the warrant, dated November 17, 2016, stated the following:

Deputy Sonja Myles, has been working an undercover operation using
Confidential Informant(s) and has probable cause for a Search
Warrant at the said residence of Mr. Melvin Tensely who resides at
640 Red Oak Road, Sweet Water, AL, 36782. I have sent in
Confidential Informant(s) to the said residence to make drug buys.
Confidential Informant(s) have bought marijuana and powder cocaine
from inside of the residence of Melvin Tensely. Confidential
Informant(s) have stated that the subject Melvin Tensely has his drugs
in different areas of the residence as well as vehicles.

(Doc. 10-1, p. 2). The affidavit does not state when the controlled drug buys were
made or provide any other details about how the drug buys were conducted. The
affidavit also does not provide any facts regarding the confidential informant's
reliability.

Defendant contends that the warrant is stale because the affidavit does not
state the dates for the surrounding facts. Probable cause needed to obtain a search
warrant "must exist at the time surveillance is authorized." *United States v.
Domme*, 753 F.2d 950, 953 (11th Cir. 1985), holding modified by *United States v.
Dennis*, 786 F.2d 1029 (11th Cir. 1986) (citations omitted).

It does not satisfy the probable cause standard if the government can
demonstrate only that the items to be seized could have been found at
the specified location at some time in the past. Rather, the government
must reveal facts that make it likely that the items being sought are in
that place when the warrant issues.

*Id.* (citation omitted). "Probable cause is not determined merely by counting the
number of days between the facts relied upon and the warrant's issuance," but there
must be some facts from which the Magistrate could evaluate whether the affidavit
was stale. *Id.* (citation omitted). Here, the facts contained in the affidavit alone
were clearly insufficient for the Magistrate to make that determination.

At the hearing on this motion Deputy Myles and Chief Investigator Patrick Champion testified that they applied for the search warrant together and that they told the Magistrate Judge that the most recent drug buy was conducted the day before, on November 16, 2016. They also testified that they told the Magistrate that they have used this confidential informant before on several occasions and that he has been reliable. They also told the Magistrate that they had information come in on a tip line on the Defendant and that the Defendant was a felon. Deputy Myles first testified that their statements to the Magistrate were not under oath, but she was later recalled to the stand and said she had been confused by the attorney's questions[1] and testified that the Magistrate put them under oath as soon as they told him they were there for a search warrant. Investigator Champion also testified that the Magistrate started off by putting them under oath at the beginning of their meeting and stated that that same protocol is followed every time they apply for a search warrant. Both Myles and Champion admitted that their oral statements to the Magistrate were not recorded. The Court finds that the information the officers told the Magistrate and testified to in this Court, together with the affidavit, is sufficient to establish probable cause.

Defendant still contends that the search warrant application was insufficient because under ALA. R. CRIM. P. 3.9(a) and FED. R. CRIM. P. 41(d)(2), testimony taken in support of a warrant must be recorded. However, Federal Rule 41 does not apply

---

[1] While the questions posed to Deputy Myles by defense counsel did not appear to be confusing in any way, the Court notes that there is no testimony or other evidence indicating that the officers were not put under oath before the Magistrate and Investigator Champion's testimony corroborates Myles' later statement that they were put under oath.

to this case because it governs searches that are "federal in execution." *United States v. Brown*, 569 F. App'x 759, 762 (11th Cir. 2014) (citing *United States v. Lehder–Rivas*, 955 F.2d 1510, 1522 (11th Cir.1992)). "A search is federal in execution if a federal official had a hand in it." *Id.* (citing *Lehder–Rivas, supra*). The search warrant in this case was a state warrant sought by state officers. There has been no suggestion or facts put forth that would indicate that federal agents provided assistance to state officers or had any other hand in the investigation or request for the search warrant.

As to any violation of Alabama Rule 3.9, the Government points out that a violation of a state or local rule is not dispositive in federal court. This Court is "not required to suppress the evidence on the ground that the state rule had been violated because federal law, not state law, governs the admissibility of evidence in federal court, and 'complaints that the evidence was obtained in violation of state law are of no effect.' " *United States v. Noriega*, 676 F.3d 1252, 1263 n.4 (11th Cir. 2012) (quoting *United States v. Glinton*, 154 F.3d 1245, 1252 (11th Cir.1998)). The issue before the Court is whether the search violated the Fourth Amendment's prohibition against unreasonable searches and seizures. "The Fourth Amendment does not require that the basis for probable cause be established in a written affidavit; it merely requires that the information provided the issuing magistrate be supported by 'Oath or affirmation.' " *United States v. Donaldson*, 558 F. App'x 962, 967 n.3 (11th Cir. 2014) (quoting *United States v. Clyburn*, 24 F.3d 613, 617 (4th Cir.1994)). "The Fourth Amendment likewise does not require 'that statements made under oath in support of probable cause be tape-recorded or otherwise placed

on the record or made part of the affidavit.' " *Id.* (quoting *Clyburn, supra*).

Accordingly, this Court "may consider an affiant's oral testimony, extrinsic to the written affidavit, which is sworn before the issuing magistrate, in determining whether the warrant was founded on probable cause." *Id.* (quoting *United States v. Hill*, 500 F.2d 315, 320 (5th Cir.1974)). After considering the affidavit and the officers' sworn testimony under the totality of the circumstances, the Court finds that the Magistrate had a substantial basis for concluding that probable cause existed. *See Illinois v. Gates*, 462 U.S. 213, 232, 238-39 (1983) (The "duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . concluding that probable cause existed.").

Even if the affidavit and sworn testimony were insufficient to support probable cause, the officers were justified in relying on the warrant to conduct the search. "When an officer has in good faith obtained a search warrant from a judge or magistrate and acted within its scope, 'there is no police illegality and thus nothing to deter.' " *United States v. Travers*, 233 F.3d 1327, 1329 (11th Cir. 2000) (quoting *United States v. Leon*, 468 U.S. 897, 921 (1984)). "Under *Leon,* 'searches pursuant to a warrant will rarely require any deep inquiry into reasonableness, for a warrant issued by a magistrate normally suffices to establish that a law enforcement officer has acted in good faith in conducting the search.' " *United States v. Robinson*, 336 F.3d 1293, 1296 (11th Cir. 2003) (quoting *Leon, supra*). However, "in some circumstances the officer will have no reasonable grounds for believing that the warrant was properly issued." *Id.* (quoting *Leon, supra*).

> *Leon*'s good faith exception, therefore, does not apply to the following
> situations: (1) where the magistrate or judge in issuing a warrant was
> misled by information in an affidavit that the affiant knew was false or
> would have known was false except for his reckless disregard of the
> truth; (2) where the issuing magistrate wholly abandoned his judicial
> role; (3) where the affidavit supporting the warrant is so lacking in
> indicia of probable cause as to render official belief in its existence
> entirely unreasonable; and (4) where, depending upon the
> circumstances of the particular case, a warrant is so facially deficient—
> i.e., in failing to particularize the place to be searched or the things to
> be seized—that the executing officers cannot reasonably presume it to
> be valid.

*United States v. Kubaryk*, 2015 WL 6396033, at *6 (N.D. Ga. Oct. 22, 2015) (citing

*United States v. Martin*, 297 F.3d 1308, 1312 (11th Cir.), cert. denied, 537 U.S. 1076

(2002)). Defendant argues that Deputy Myles intentionally left dates out of her

affidavit and attempted to mislead the Magistrate. However, there is no evidence

that Myles intended to mislead the Magistrate. If Myles had included the dates of

the controlled drug buys it would have indicated that the alleged activity had

continued for some time and had occurred as recently as the day before Myles and

Champion applied for the search warrant. The affidavit did not contain any false

information and the Court finds Myles and Champion did not intend to mislead the

Magistrate. The Court finds that none of the limitations to the good faith exception

apply to this case. The Court finds that the officers reasonably relied in good faith

on the warrant.

For the reasons stated above, Defendant's motion to suppress evidence (Doc.

10), is hereby **DENIED**.

**DONE** and **ORDERED** this 23rd day of February, 2018.

/s/ Callie V. S. Granade
**SENIOR UNITED STATES DISTRICT JUDGE**